1

2

3

4

5

6

7

8

9

10

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| 11  **CHARLES SIMPSON,**                    ) | **Case No. CV 14-9649-ODW(AJW)** |
|                                    ) | |
| 12          **Petitioner,**               ) | |
|                                    ) | |
| 13      **v.**                            ) | **MEMORANDUM AND ORDER** |
|                                    ) | **DISMISSING PETITION** |
| 14  **THE DIRECTOR OF THE CDCR,**           ) | **WITHOUT PREJUDICE** |
|                                    ) | |
| 15          **Respondent.**               ) | |
|                                    ) | |

16

17      Petitioner filed a petition for a writ of habeas corpus on

18  December 8, 2014. In its entirety, the petition states, "I am

19  requesting for injunctive relief to have the Director of the CDCR to

20  [sic] reverse my conviction and give me $950 million dollars."

21      On December 22, 2014, the petition was dismissed without

22  prejudice and with leave to amend.  The order dismissing the petition

23  explained that the petition failed to provide essential information.

24  Specifically, the order noted that the petition failed to identify the

25  conviction that petitioner seeks to challenge, failed to allege any

26  claims for relief, and failed to state whether petitioner had

27  exhausted any claims by presenting them to the California Supreme

28  Court. The order added that petitioner's request for monetary damages

was not properly raised in a federal habeas corpus proceeding.

1    Petitioner was provided an opportunity to cure these deficiencies

2 by filing an amended petition, and the Clerk mailed the appropriate

3 form to petitioner along with the order dismissing the original

4 petition. He was cautioned that failure to timely comply with the

5 order would result in dismissal of this action without prejudice. The

6 amended petition was due on January 20, 2015.  However, petitioner did

7 not file an amended petition. Instead, he filed a document entitled

8 "Errors That Was [sic] Made By The Court (Notice)" ("Notice") in which

9 petitioner requests that the Court grant him relief based on his

10 original petition.

11    The Court has considered whether this case is properly dismissed

12 under Rule 41(b) of the Federal Rules of Civil Procedure as a sanction

13 for failure to prosecute or to comply with court orders, or whether it

14 should be dismissed pursuant to Rule 4 of the Rules Governing Section

15 2254 Cases.[1] Generally, if a plaintiff fails to respond after his or

16 her complaint has been dismissed with leave to amend, dismissal for

17 failure to comply with a court order is appropriate. Edwards v. Marin

18 Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004). On the other hand, a

19 plaintiff has the right to allow the complaint to be dismissed to

20 obtain an appealable final judgment. Edwards, 356 F.3d at 1065. The

21 Ninth Circuit has held that a plaintiff's failure to "respond to the

22 court's ultimatum — either by amending the complaint or by indicating

23 to the court that it will not do so — is properly met with the

24 sanction of a Rule 41(b) dismissal. Where, however, the plaintiff

25

26

[1] Rule 4 provides that "[i]f it plainly appears from the petition
27 and any attached exhibits that the petitioner is not entitled to
relief in the district court, the judge must dismiss the petition
28 ...."

1  makes an affirmative *choice* not to amend, and clearly communicates

2  that choice to the court, there has been no disobedience to a court's

3  order to amend ...." Edwards, 356 F.3d at 1065.   In the latter

4  situation, dismissal for failure to state a claim is appropriate.

5  There is no reason why the same principles should not apply to habeas

6  corpus petitioners.

7       The Court construes petitioner's "Notice" as a notice of his

8  intent to "stand" on his petition and obtain a final appealable

9  judgment on its sufficiency. As explained in the order dismissing the

10 petition, the petition fails to identify the conviction petitioner

11 intends to challenge, fails to state any claims for relief, and fails

12 to indicate whether petitioner exhausted his state remedies. For these

13 reasons, the petition is dismissed without prejudice pursuant to Rule

14 4 of the Rules Governing Section 2254 Cases.

15      **It is so ordered.**

16

17 Dated: February 3, 2015

18                                       _____

19                                       Otis D. Wright, II
                                         United States District Judge

20

21

22

23

24

25

26

27

28